UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| KENDRICK BATES, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No. 3:11 CV 157 |
|  | ) |  |
| SUPERINTENDENT, MIAMI | ) |  |
| CORRECTIONAL FACILITY, | ) |  |
| Respondent. | ) |  |

## OPINION and ORDER

Petitioner Kendrick Bates filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction in the Allen Superior Court for dealing in cocaine. Pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES, district courts are obligated to review a habeas corpus petition and to dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ."*Id.* This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

According to his petition, on April 28, 2007, Bates was convicted in the Allen Superior Court, and on May 16, 2007, the court sentenced him to thirty years imprisonment. (DE # 1 at 1.) The Petitioner did not take a direct appeal, but on April 4, 2008, he filed a petition for post-conviction relief in the Allen Superior Court. (DE # 1 at 2.) Bates appealed the denial of his petition for post-conviction relief, the Indiana Court of Appeals affirmed the trial court's denial of the petition, and on July 30, 2010, the Indiana Supreme Court denied transfer. (DE # 1 at 2-3.)

This petition is governed by 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Section 2244(d)(1)imposes a one-year statute of limitations on state prisoners seeking habeas corpus relief. The statute of limitations begins to run the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review, unless the statute was tolled by a subsequent court proceeding or, pursuant to Section 2244(d)(2) (1), a state created unconstitutional impediment to appeal was removed; (2) the constitutional right asserted was recognized by the United States Supreme Court and made retroactively applicable to the states; or (3) the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

A conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for filing a petition for writ of *certiorari* to the United States Supreme Court has passed. *Griffith v. Kentucky*, 479 U.S. 413, 321 n. 3 (1987). A petition for writ of habeas corpus seeking federal collateral relief from a state conviction must be filed within one year of the date on which the judgment became final by the conclusion of direct review, 28 U.S.C. 2244(d)(1)(A), unless one of the other predicates listed in Section 2244(d)(1) apply.

The form Bates followed in writing his petition for writ of habeas corpus states:

14. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.

(DE # 1 at 7.) Bates, however, does not present an explanation of why his petition is timely. Bates does not assert in his petition for writ of habeas corpus or in his memorandum in support of his petition that any of the predicates listed in 28 U.S.C. 2244(d)(1)(B),(C), or (D) are present in this case, and a review of the petition does not suggest that he could rely on any of these predicates.

Bates signed his § 2254 habeas corpus petition on April 8, 2011, and declared under penalty of perjury "that this petition for Writ of Habeas Corpus was placed in the prison mailing system on APRIL 8th, 2011." (DE # 1 at 7.) The clerk's office received this petition on April 18, 2011. Pursuant to the mail-box rule established in *Houston v. Lack*, 487 U.S. 266 (1988), the Court accepts for the purposes of the ruling in this memorandum that Bates filed his petition for writ of habeas corpus on April 8, 2011, the date he states that he submitted it to prison officials for mailing.

Bates was sentenced on May 16, 2007. Because he filed no appeal, Bates's conviction became final on June 15, 2007, the last day upon which he could have taken a direct appeal. The statute of limitations on Bates's conviction began to run on June 16, 2007, and concluded on June 16, 2008, unless tolled by a properly filed application for State post-conviction relief or other collateral review.

The petition for post-conviction relief Bates filed on April 4, 2008, stayed the statute of limitations. At the time Bates filed his petition for post-conviction relief, he

3

had 74 days remaining before the statute of limitations expired. The Indiana Court of Appeals affirmed the trial court's denial of Bates's petition for post-conviction relief, and the Indiana Supreme Court denied transfer on July 30, 2010. (DE # 1 at 3.) After that date, the statute of limitations was no longer stayed, and resumed running.

The statute of limitations resumed running on July 31, 2010, and expired 74 days later, on or about October 12, 2010. The Petitioner did not file his petition for writ of habeas corpus until April 8, 2011, by which time the statute of limitations had already expired. Accordingly, Bates's petition for writ of habeas corpus is untimely pursuant to § 2244(d)(1), and his claims are time-barred.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the Court must consider whether to grant Bates a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When a district court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484–85. First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the

4

petition states a valid claim for denial of a constitutional right. *Id.* To obtain a certificate of appealability, the petitioner must satisfy both components. *Id.* at 485.

For the reasons stated in this memorandum, the Court concludes that Bates's petition is barred by the statute of limitations. Nothing in Bates's petition or its attachments suggests that jurists of reason could debate the correctness of this procedural ruling or find a reason to encourage him to proceed further. Accordingly, the Court declines to issue Bates a certificate of appealability.

For the foregoing reasons, the court **DISMISSES** this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244(d)(1)**, DENIES** the Petitioner a certificate of appealability, and **DIRECTS** the Clerk to close this case.

**SO ORDERED.**

Date: April 27, 2011

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT